## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ahmed A., | Civ. No. 25-4776 (JWB/DJF) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Klang, *Sheriff of Crow Wing County*, | **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | |

---

Kira Aakre Kelley, Esq., Climate Defense Project, counsel for Petitioner.

Ana H. Voss, Esq., and Trevor Brown, Esq., United States Attorney's Office, counsel for federal Respondents.

---

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Ahmed A. under § 1226, that statute—not § 1225—governs detention while removal proceedings remain pending.

Respondents' position has already been rejected in this District. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*,

797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of Somalia. (*See* Doc. No. 1, Petition ¶¶ 7, 13.) United States Border Patrol encountered him near San Ysidro, California on August 16, 2022. (Doc. No. 10, Van Der Vaart Decl. ¶ 4; Doc. No. 10-1, Resp. Ex. A at 1.) He was issued a Notice to Appear designating him "an alien present in the United States who has not been admitted or paroled" and charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) The Notice placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs full removal proceedings before an Immigration Judge. (*See* Petition ¶¶ 34–37; Resp. Ex. A.) On August 19, 2022, Petitioner was released from custody on his own recognizance. (Van Der Vaart Decl. ¶ 5.)

The standard Order of Release on Recognizance, Form I-220A, states that the noncitizen is being released "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds with § 1226. Neither side submitted evidence showing that order was ever cancelled or revoked in Petitioner's case.

A few months after his release, Petitioner applied for asylum. (Petition ¶ 14; Van Der Vaart Decl. ¶ 6.) Petitioner obtained work authorization from the Department of Homeland Security in August 2023 and began working as an Uber and Lyft driver. (Petition ¶ 15.) He alleges that he has followed all immigration court instructions, attended all required appearances, and has no criminal history. (*Id.* ¶¶ 19, 27.)

On October 15, 2025, an Immigration Judge denied Petitioner's asylum application and ordered him removed to Somalia. (Petition ¶ 14; Van Der Vaart Decl. ¶ 7; Doc. No. 10-2, Resp. Ex. B.) Petitioner filed a timely appeal, which makes the rulings administratively non-final until the appeal is resolved. (Petition ¶ 14; Van Der Vaart Decl. ¶ 8.)

On December 1, 2025, Immigration and Customs Enforcement officers apprehended Petitioner shortly after he left his home for work. (Petition ¶¶ 20–23; Van Der Vaart Decl. ¶ 9; Doc. No. 10-3, Resp. Ex. C.) Petitioner was initially transferred to the Kandiyohi County Jail and later moved to the Crow Wing County Jail, where he has since remained in custody. (Petition ¶ 25.)

## DISCUSSION

### I.    Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the

immigration context. *See id.* 687–88.

## II.    Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest his removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Section 1231 generally requires detention following a final order of removal. *See* 8 U.S.C. § 1231(a)(2)(A). But because Petitioner's removal order is not yet final due to his pending appeal, that provision is not implicated here.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast

majority of district courts considering that assertion, including this Court, have
determined that the text, structure, and function of the INA's detention provisions all
indicate that § 1225 does not apply to noncitizens in Petitioner's posture. *See Eliseo A.A.
v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025);
*Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct.
20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn.
Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16
(D. Minn. Dec. 19, 2025); *Vedat C. v. Bondi*, Civ. No. 25-4642 (JWB/DJF), Doc. No. 9
(D. Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their
statutory interpretation do not alter the outcome.

Respondents' reliance on *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025),
does not alter the result either. That ruling similarly conflicts with the statute's text and
structure and, therefore, does not control. *See Loper Bright Enters. v. Raimondo*, 603
U.S. 369, 394 (2024) (stating that only long-standing and consistent agency
interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682
(KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

The analysis here is straightforward. Respondents placed Petitioner in removal
proceedings under § 1229a, released him from custody under § 1226, and allowed him to
remain in the community for more than three years. Nothing in the record suggests
Respondents ever revoked that release based on flight risk, danger, changed
circumstances, or any other reason.

Section 1225(b)(2) provides no authority to revisit that custody determination

later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention just by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969–70 (D. Minn. 2025). The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7; *Vedat C.*, Civ. No. 25-4642, Doc. No. 9 at 5–6. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original Order of Release on Recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Respondents argue that if Petitioner has been misclassified under § 1225, the proper remedy is a bond hearing under § 1226 rather than release. But a bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect. Habeas relief requires more because it addresses the lawfulness of custody itself, not the adequacy of procedures that might attend some other, uninvoked challenge to detention. *See Wajda v.*

6

*United States*, 64 F.3d 385, 389 (8th Cir. 1995). For detention that lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes his continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1.      Petitioner Ahmed A.'s petition for a writ of habeas corpus (Doc. No. 1) is **GRANTED**.

2.      Respondents shall immediately release Petitioner from custody, subject to the conditions of his August 2022 Order of Release on Recognizance.

3.      Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4.      Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5.      Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 6, 2026                         *s/ Jerry W. Blackwell*
                                             JERRY W. BLACKWELL
                                             United States District Judge